UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20563-CR-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FREDY VILLAFUERTE,                    <u>REPORT AND RECOMMENDATION</u>

    Defendant.
_____/

On or about 3/3/08, court-appointed defense counsel Susan K. Bozorgi ("Ms. Bozorgi" and/or "counsel") submitted a voucher (No. FLS 07 1846) with appended time sheets requesting $14,410.60 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act ("fee request"). Ms. Bozorgi represented Defendant Fredy Villafuerte ("Defendant" and/or "Villafuerte") for approximately 6 months, from counsel's appointment on 7/11/07 to 1/15/08, from Defendant's initial appearance in the case, through a 7-day jury trial and sentencing. Since counsel's fees exceed the $7,000 statutory maximum, *18 U.S.C. §3006A(d)(2)*, the voucher was referred to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. *28 U.S.C. Sec. 636(a); Local Magistrate Judge Rules*.

The CJA at *18 U.S.C. §3006A(d)(1)* provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. *18 U.S.C. §3006A(d)(5); USA v. Griggs, 240 F.3d 974 (11th Cir. 2001)*. If the recommended fee amount exceeds the statutory maximum, however, the district court must certify that the case involves

"extended" or "complex" representation, and that the amount is necessary to provide counsel with fair compensation. *18 U.S.C. §3006A(d)(3)*. If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex." *Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C §2.22B(3)*. If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may be considered "extended." *Id.*

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with CJA guidelines and mathematical accuracy prior to the undersigned's review. The administrator reviewed the $4,859 billed for 51.50 in-court hours. After verifying the in-court time with the Court's minutes and the appropriate hourly rate, the administrator made no changes to the amount claimed.[1]

The CJA administrator reviewed the $9,551.60 billed for 101.30 out-of-court hours as follows: 32 hours for "Interviews and conferences"; 39.80 hours for "Obtaining and reviewing records"; 23 hours for "Legal research and brief writing"; and 6.50 hours for "Travel time." The administrator adjusted the out-of-court amount claimed to $8,934.60, redacting the "Travel time" claimed which was less than one hour per round trip to the Court and, therefore, not compensable. Only round trip travel one (1.0) hour or more is compensable as per the 11th Circuit rule.[2]

No other time or expenses were claimed.

The total amount claimed, as modified, is now $13,793.60.

---

[1] The CJA non-capital hourly compensation rates changed from $94/hour for work performed on or after 5/20/07, to $100/hour for work performed on or after 1/1/08.

[2] Supplement Instructions for Completing CJA Form 20 Vouchers, par. 5.d.

*Undersigned's Review and Recommendation*

In making this recommendation, this Court reviewed the entire voucher, the time sheets submitted, the case record as it relates to counsel's representation of Defendant Fredy Villafuerte, as well as, additional information provided by counsel concerning certain task entries as requested by this Court. The undersigned is also familiar with the case and the time generally required by defense counsel, after having reviewed and issued reports and recommendations concerning two other CJA vouchers submitted in this case for other CJA counsel.

As a matter of background, Defendant Villafuerte was one of four individuals arrested on 2/10/07 and subsequently indicted for conspiracy to possess with intent to distribute, and attempt to possess with intent to distribute, 500 grams or more of cocaine. The case arose from an undercover operation in which a law enforcement confidential source ("CS") learned that in or about July 2007, co-defendant Fabian Bernal-Benitez was looking to purchase several kilograms of cocaine. In approximately five recorded telephone conversations which took place between 7/9/07 and 7/10/07 with the CS and Benitez, Benitez negotiated a drug deal with the CS and made arrangements to travel from the Daytona Beach area to Miami to make the purchase of three kilograms of cocaine. On July 10, 2007, Benitez accompanied by Defendant Villafuerte and two other individuals, Jesus Cervantes-Guzman and Mario Miguel Santibanez (collectively referred to as "the group"), drove to Miami and met with the CS who was then wearing a body wire monitored by the FBI and the North Miami Beach Police Department. Benitez and Santibanez got out of the vehicle and met with the CS. Benitez was recorded as telling the CS that the group had $35,000 with them and they, therefore, could only purchase two kilograms of cocaine. The CS replied that he would sell them two kilograms. While Benitez and Santibanez showed the CS the drug purchase money, Defendant Villafuerte remained in the vehicle. The CS then displayed his supply of three kilograms of cocaine, one real and the other

two sham. At that time, all four individuals, including Villafuerte, were arrested. After his arrest and advice regarding his *Miranda* rights, Defendant Villafuerte waived his rights and acknowledged that he was traveling with the others from Deland, Florida to purchase drugs. According to the Government, Villafuerte stated that he had chipped in $8,000 toward the purchase of the drugs and expected to get a half kilogram of cocaine for his money and hoped to sell it for a profit. He further stated that he carried the money with him in the backseat of the vehicle.

The following day, on 7/11/07, at Defendant's Initial Appearance, CJA counsel Susan K. Bozorgi of Marrero Bozorgi, PL of Miami was appointed as Defendant's counsel of record. At the Pretrial Detention Hearing held on 7/13/07, the Government and Defendant stipulated to a $250,000 corporate surety bond. The Defendant was unable to post the bond and, therefore, remained detained throughout the representation at the Miami FDC. Defendant, who spoke only Spanish, entered a plea of not guilty to the charges. Trial was set for the 2-week jury trial calendar beginning 10/1/07 before the Honorable Donald L. Graham in Miami. On 10/5/07, the case went to trial on the drug charges with all four defendants as scheduled. On 10/16/07, after seven days of trial (including voir dire and extended jury deliberations), Defendant was found guilty on both drug charges. Sentencing was held on 1/15/08, wherein, *inter alia*, Defendant was sentenced to a 4 year concurrent term of imprisonment as to the drug charges, followed by his surrender for removal proceedings. On 3/3/08, counsel timely submitted her CJA voucher for attorney's fees and costs.

As for the voucher and the $8,934 modified claim for out-of-court fees,[3] I have reviewed the entries listed on the time sheets, the total time claimed for each of the task categories, as well as the case record as it pertains to Defendant Villafuerte. Overall, I find the time reported to be reasonably spent.

---

[3] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

As for the 39.8 hours reported for "Obtaining and reviewing records," this time included, but was not limited to, time spent obtaining and reviewing discovery produced in the case. The discovery involved at least three audio-taped and two digitally recorded conversations between the CS and Benitez. All of the communications were in Spanish. Transcripts of the recordings were produced and had to be reviewed by counsel. This time also included time spent reviewing document discovery, written statements made by the co-defendants, information on the CS, plea agreements provided by the Government, and all other document review, and trial preparation performed by counsel, as well as, preparation for sentencing.

The 23 hours spent for "Legal Research and brief writing" included time for researching and preparing pretrial motions including a motion for severance, motion for suppression, jury instructions, voir dire questions and objections to the PSI.

As for the 32 hours reported for "Interviews and Conferences," this included nine client meetings throughout the 6-month period of representation. Because the Defendant spoke only Spanish, this called for the use of an interpreter for all such meetings, causing the meetings to be somewhat extended. Counsel also had several conferences with the investigator on the case, as well as, the prosecutor, the probation officer, and co-defense counsel. As counsel Bozorgi also explained, there were efforts made by all co-defense counsel to get all four defendants to accept a plea deal, but which efforts were unsuccessful. Counsel also had several conferences with Defendant's spouse for this purpose. Defendant, however, proved to be very contentious and difficult throughout the entire case and refused to accept a plea deal. As indicated, all four defendants were ultimately tried together.

In light of the case background discussed herein, the number of defendants involved, the time required to prepare for what was a 7-day trial involving three other co-defendants, I am satisfied that counsel documented the actual time she spent on the case. I find the time billed to be justifiable,

reasonable and fair. Based upon the same, I also consider this matter to be "extended" and/or "complex," justifying compensation in excess of the $7,000 statutory maximum.[4]

## CONCLUSION

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher, I am **RECOMMENDING** that counsel be paid the modified **$13,793.60** ($4,859 in-court time + $8,934.60 out-of-court time), as fair compensation for her work on this case.

In accordance with 28 U.S.C. §636(b)(1)(c), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Respectfully submitted this ___ day of May, 2008.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Donald L. Graham
Susan K. Bozorgi, Esq.
Lucy Lara, CJA Administrator

---

[4] As previously indicated, this Court specifically notes that counsel made no claim for any expenses incurred.